■ Thomas G. Dignan, Appellant, v Jean C. Dignan, Respondent. — Order unanimously affirmed, with costs. Motion to dismiss appeal denied. (Appeal from order of Supreme Court, Monroe County, Houston, J. — dismiss action.) Present — Dillon, P. J., Simons, Doerr, Moule and Schnepp, JJ.

■ The People of the State of New York, Respondent, v Richard Joseph Tonkin, Jr., Appellant. — Judgment unanimously affirmed. Counsel's application to withdraw granted (see *People v Crawford,* 71 AD2d 38). (Appeal from judgment of Oswego County Court, Sullivan, J. — burglary, third degree.) Present — Simons, J. P., Hancock, Jr., Callahan, Denman and Schnepp, JJ.

■ In the Matter of Genevieve E. Crawford, Petitioner, v Robert Abrams, as Attorney-General of the State of New York, on Behalf of James F. Crowley, County Judge of the County of Cattaraugus, Respondent. — Application unanimously denied and petition dismissed, without costs. Memorandum: In this CPLR article 78 proceeding, petitioner seeks relief in the nature of prohibition restraining respondent County Judge of Cattaraugus County from proceeding with a retrial of charges against her. At the close of the People's proof in petitioner's trial on charges of grand larceny, second degree (Penal Law, § 155.35) arising out of alleged welfare fraud, the court denied a defense motion for a trial order of dismissal. The defense did not present any evidence. During an adjournment before the summations, an exchange between a juror and a member of the county Sheriff's department prompted a defense motion for mistrial, which was granted. Where, as here, the defendant requested the mistrial and the underlying error was not " 'motivated by bad faith [of the Judge or prosecutor] or undertaken to harass or prejudice' " (*Lee v United States,* 432 US 23, 33, quoting *United States v Dinitz,* 424 US 600, 611), reprosecution is permitted. Petitioner argues, however, that we should reach the issue of whether, as she asserts, the trial court improperly denied her motion for a trial order of dismissal. She urges that if we do not do so, the claimed error in denying the motion will be beyond review. Such an error of law is not a proper basis for using the "extraordinary remedy" of prohibition. Prohibition lies "only when a court * * * acts or threatens to act without jurisdiction in a matter * * * [in] which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding over which it has jurisdiction" (*Matter of State of New York v King,* 36 NY2d 59, 62). Nonreviewability alone is not a ground for such relief (*Matter of State of New York v King supra,* p 62). We note also that the People were not made a party to this proceeding. (Art 78.) Present — Simons, J. P., Hancock, Jr., Callahan, Denman and Schnepp, JJ.

■ In the Matter of Frances D. Ungerer, Appellant, v Board of Education of the City of Rochester, Respondent. — Appeal unanimously dismissed, without costs. Memorandum: The order petitioner seeks to appeal is nonfinal and not appealable (see CPLR 5701, subd [b], par 1). (Appeal from order of Supreme Court, Monroe County, Kennedy, J. — art 78.) Present — Simons, J. P., Hancock, Jr., Callahan, Denman and Schnepp, JJ.

■ Marion Walters, Individually and as Executrix of Raymond Walters, Deceased, Respondent, v County of Oswego, Defendant, and Niagara Mohawk Power Co., Appellant. — Order and amended order unanimously affirmed, without costs. (Appeal from orders of Supreme Court, Oswego County, Miller, J. — restore to calendar.) Present — Simons, J. P., Callahan, Denman, Moule and Schnepp, JJ.