■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK J. TOMMA-SELLI, Appellant. — Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered January 6, 1983, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the first degree. ¶ On September 3, 1982, defendant was arrested in the parking lot of the Oakdale Mall in the Village of Johnson City, Broome County. The police had been summoned by security guards employed in two stores at the mall who had suspected defendant and an accomplice of shoplifting after observing that they were behaving in an odd manner. With the consent of defendant and his accomplice, the police searched the car the two men had been using and found stolen merchandise later valued at over $1,600. Defendant and his colleague were advised of their rights, placed under arrest and taken to the police station. There, defendant waived his rights and signed a written statement, admitting to his part in stealing the property found in the car. He also confessed to owning a notebook found therein containing a list of items which, defendant stated, constituted merchandise which he and his friend had planned in advance to steal. ¶ Defendant was tried separately and found guilty of first degree criminal possession of stolen property. On this appeal, he contends that his conviction should be reversed because he received ineffective assistance of counsel. Specifically, he argues that his attorney erred in (1) failing to make pretrial suppression motions; (2) failing to present adequate arguments in defendant's favor at trial; and (3) misstating the burden of proof in his summation. ¶ The issue to be determined in such cases is whether the defendant's counsel "failed to provide effective legal representation, thereby depriving the defendant of a fair trial" (*People v Aiken,* 45 NY2d 394, 401). If the evidence, law and circumstances of a case, viewed in totality, reveal that the attorney provided "meaningful representation", then the standard has been met (*People v Baldi,* 54 NY2d 137, 147). Upon examining defendant's objections to his attorney's representation in this case, it is clear that he was adequately represented and received a fair trial. ¶ Defense counsel's failure to make pretrial suppression motions in this case does not substantiate defendant's allegation of ineffective assistance of counsel. There is no requirement

that defense counsel make an effort to suppress evidence when there are no grounds upon which to base an objection (see *People v Aiken, supra,* p 400). Defendant has proffered no grounds, nor are there any discernible in the record, upon which a suppression motion could have been based. Further, contrary to defendant's contentions, his counsel did not err in not requesting a *Sandoval* hearing. Such a procedure was not required here since the strategy decision had apparently been made that defendant would not take the stand. While defendant may now think this strategy misguided, it does not rise to the level of ineffective assistance of counsel (see *People v Baldi, supra,* p 146). ¶ Defendant's next contention is that his lawyer failed to adequately present arguments in his favor at trial. His quarrel lies principally with his attorney's decision to base his strategy not on an assertion of defendant's complete innocence (he conceded in his opening statement that the merchandise found in the car was stolen), but on the contention that the People could not prove that defendant knowingly possessed stolen property *valued at over $1,500* as required for conviction under section 165.50 of the Penal Law. Counsel's argument was that it was never specifically proven which of the articles found in the car had been stolen by defendant rather than by his accomplice, and that the jury should instead find defendant guilty of the lesser offense of second degree criminal possession of stolen property, where the threshold value of the stolen property is $250 (Penal Law, § 165.45, subd 1). "[A]n attorney is not required to argue factual innocence at the expense of a stronger defense" (*People v Baldi, supra,* p 148). As noted above, while defendant, "aided by the wisdom of hindsight", may wish his attorney had argued that he was completely innocent, the fact that he pursued tactics which proved unsuccessful does not constitute ineffectiveness (*People v Aiken, supra,* p 399). Contrary to defendant's allegations, his attorney's argument regarding the lesser offense was quite clearly presented to the jury. Accordingly, while his strategy may in retrospect have proven misguided, he was not guilty of ineffective representation. ¶ Defendant also argues that his attorney subverted his case by misstating the burden of proof in his summation. There, defense counsel analogized the case to a basketball game in which a "50-50" tie would go to defendant. While this comparison was somewhat crude, it is scarcely grounds for reversal. His attorney told the jury twice in the course of the summation that the People had the burden of proving defendant guilty "beyond a reasonable doubt". Accordingly, the proper standard was communicated to the jury. ¶ The second issue raised by defendant is that his sentence of 1½ to 4½ years was harsh and excessive. This contention is belied by defendant's criminal record, which reveals a long history of larcenous behavior beginning in 1958 when he stole the contents of a church poor box. He has since been convicted of, *inter alia,* robbery, burglary and receiving stolen property. Accordingly, there is no evidence that the court abused its discretion in sentencing defendant (see *People v Du Bray,* 76 AD2d 976, 977). ¶ Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.