■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WESLEY BANKS, JR., Appellant. — Mahoney, P. J. Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered December 3, 1982, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.

After defendant entered a plea of not guilty to the indicted charge of robbery in the first degree, he requested an examination pursuant to CPL article 730. When two psychiatrists found defendant to be mentally competent to stand trial, defendant requested another examination by a third psychiatrist. When County Court refused to order another psychiatric examination, defendant requested a hearing to determine the issue of capacity (CPL 730.30 [2]). For reasons that are unclear in the record, a letter which stated that defendant had withdrawn his request for a capacity hearing was received by the court. After a jury was impaneled, it became clear that neither the prosecutor nor defendant or his attorney had authored the letter. Defendant moved for a mistrial. The motion was granted. Thereafter, a competency hearing was conducted and County Court found that defendant did not lack the capacity to participate in his own defense. Thereupon, defendant entered a plea of not guilty and a *Huntley* hearing was held. Ultimately, defendant pleaded guilty to the indictment and was sentenced to an indeterminate term of 4½ to 9 years' imprisonment.

Defendant's contention that County Court erred in declaring a mistrial and that, therefore, a further prosecution upon the same indictment violated his right to be free from double jeopardy is without merit. Here, it was defendant's own attorney who moved for the mistrial. It is well settled that a defendant who has successfully moved for a mistrial cannot later avail himself of the defense of double jeopardy unless the underlying error due to which the motion for mistrial was made was " 'motivated by bad faith [of the court or prosecutor] or undertaken to harass or prejudice' " (*Lee v United States,* 432 US 23, 33, quoting *United States v Dinitz,* 424 US 600, 611; *see also, Matter of Crawford v Abrams,* 86 AD2d 780). Here, the error that prompted defendant's motion for a mistrial was the letter whose authorship was undetermined. There was no showing of bad faith or harassment on the part of the court or prosecutor.

Lastly, we turn away defendant's argument that he was denied the effective assistance of counsel. Defense counsel's motion for a mistrial was prompted only by his concern that his client get the hearing pursuant to CPL 730.30 (2) to which he was entitled. Trial tactics which terminate unsuccessfully do not automatically indicate ineffectiveness. As long as counsel provides meaningful representation, the constitutional requirement has been met (*see, People v Baldi,* 54 NY2d 137).

Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.