■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL W. CHRISTIAN, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered June 14, 1984, convicting defendant upon his plea of guilty of the crimes of attempted burglary in the second degree (two counts) and grand larceny in the third degree (two counts).

After the State Police had talked to defendant's brother, they had reason to believe that defendant may have been involved in a series of burglaries in Rensselaer County. At about noon on the day of defendant's arrest, the State Police had taken a statement from defendant's brother implicating defendant in the crimes. The State Police arrived at defendant's home between 1:30 P.M. and 2:00 P.M. that day, where they sighted a car which had been identified as having been in the area of some of the burglaries. After questioning defendant, who acknowledged ownership of the car, and after receiving his permission to search his home, which they did, defendant was arrested, given his *Miranda* warnings and transported to the State Police substation. Between 3:30 P.M. and 4:00 P.M. that same afternoon, he and his brother agreed to discuss the burglaries with police. A tape recording was made of that interview. Thereafter, defendant was arraigned at 5:00 P.M.

Following a suppression hearing, County Court ruled that all statements given by defendant were admissible. Defendant

then pleaded guilty to all four counts of the indictment and was sentenced to concurrent one-year jail sentences on each of the four counts.

On appeal, defendant asserts that he was denied the effective assistance of counsel. We disagree. A review of the record demonstrates that defendant's counsel made an extensive omnibus motion seeking, *inter alia,* a bill of particulars, *Brady* material (373 US 83), a *Sandoval* hearing (34 NY2d 371), suppression of defendant's statements to police and dismissal of the indictment. The motion was accompanied by a lengthy affidavit from defense counsel. Defendant's attorney also actively participated in cross-examining the People's witnesses at the preliminary hearing, and in obtaining a sentence to be served in the county jail rather than a State correctional facility. Clear on this record is the fact that defendant had the effective assistance of counsel at all stages of his prosecution (*see, People v Tommaselli,* 102 AD2d 943; *People v Grant,* 92 AD2d 985; *People v Bonk,* 83 AD2d 695).

A review of the *Huntley* hearing (15 NY2d 72) record clearly establishes that defendant consented to a search of his home (*see, People v Boykins,* 81 AD2d 922, 924) and that police were in possession of sufficient information, which they had reason to believe was reliable, to constitute probable cause for defendant's arrest (*see, People v Murphy,* 97 AD2d 873, 873-874). Further, there is no evidence in the record of anything other than the fact that defendant's statements to police were entirely voluntary in nature (*see, People v Casassa,* 49 NY2d 668, 681, *cert denied* 449 US 842). Thus, contrary to defendant's assertions, County Court properly denied the suppression motion.

Defendant also contends that the approximate three-hour delay between his arrest and arraignment was excessive and in violation of CPL 140.20 (1). We disagree. As noted, defendant's taped confession to police was clearly voluntary. The brief delay which preceded defendant's arraignment had no bearing on the voluntariness of his taped statement given to State Police (*see, People v Hopkins,* 58 NY2d 1079; *People v Wilson,* 56 NY2d 692; *see also, People v Cooper,* 101 AD2d 1).

We have considered defendant's other contentions raised on this appeal and find them to be without merit.

Judgment affirmed. Casey, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.