(July 3, 1986)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYLVESTER FANTROY, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered October 7, 1982, upon a verdict convicting defendant of the crimes of grand larceny in the second degree and attempted grand larceny in the second degree.

Defendant was arrested in 1982 and charged with participating in a fraudulent check-cashing scheme with Kenneth T. Pignone. The scheme was accomplished in the following manner. First, Pignone, using identification he had stolen, opened a checking account at a branch bank for a small sum (e.g., $25) and obtained so-called "starter checks". Pignone would then request that branch or another branch of the bank to certify one or more checks in a small amount (e.g., $5). He would then alter the $5 amount to $5,000. Finally, he would cash or attempt to cash the altered check at a branch of the original bank or at a store.

Pignone testified that on March 3, 1982, defendant remained in Pignone's car while Pignone obtained the starter checks, witnessed Pignone altering a check, represented himself at a bank as the payee of the check and then fraudulently indorsed the altered check using the name Thomas G. Meyers. Pignone said he received $3,000 and defendant $2,000 of the proceeds. Pignone also testified that on March 4, 1982, defendant accompanied Pignone in the car and, when Pignone was unable to cash a second altered check in the amount of $5,000 at a branch bank, went with Pignone to a jewelry store, attempted to buy some merchandise and represented himself as the drawer of the altered certified check.

Defendant was indicted for and convicted, after trial, of grand larceny in the second degree and attempted grand larceny in the second degree. Pignone, in exchange for a promise to testify against defendant before the Grand Jury and at trial, was allowed to enter a plea of guilty to forgery in the second degree and was sentenced to 3 to 6 years' imprisonment. Defendant was sentenced to a prison term of 2 to 7 years on the second degree grand larceny count and a 1-to-3-year term on the attempt count, both sentences to run concurrently. This appeal by defendant ensued.

There should be an affirmance. Defendant's contention that he was denied a fair trial because of the ineffectiveness of his trial counsel is not persuasive. Defendant's second contention that he was denied a fair trial because of the conduct of the trial court is also without merit.

In *People v Baldi* (54 NY2d 137, 147), the Court of Appeals set forth the standard for evaluating effective assistance of counsel: "So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met". *(See, People v Natal,* 66 NY2d 802; *People v Morris,* 64 NY2d 803.) "Trial tactics which terminate unsuccessfully do not automatically indicate ineffectiveness" *(People v Banks,* 108 AD2d 1016, 1017).

Defense counsel, having attacked Pignone's credibility, having realized that no identification testimony positively linked defendant with the crime and having attempted to undermine the handwriting expert's opinion concerning the handwriting exemplars, apparently believed that there was no proof beyond a reasonable doubt of defendant's guilt. His failure to call witnesses or to object extensively thus appears to have been a trial strategy which "might well have been pursued by a reasonably competent attorney" *(People v Satterfield,* 66 NY2d 796, 799; *see, People v Morris,* 100 AD2d 630, 631, *affd* 64 NY2d 803).

A defendant is not guaranteed an error-free trial *(see, People v Morris,* 100 AD2d 630, 631, *supra; see also, People v Tommaselli,* 102 AD2d 943, 944). We have considered defendant's allegations of ineffective representation and find them unsubstantiated in the record. Defense counsel conducted himself competently and effectively *(see, People v Christian,* 112 AD2d 596, 597) and thus supplied meaningful representation.

Defendant's claim that the trial court's conduct denied him

a fair trial when, *inter alia,* the Trial Judge interjected himself into Pignone's cross-examination must be rejected. A Judge may clarify "confusing testimony and [facilitate] the orderly and expeditious progress of the trial", but this power should be exercised sparingly *(People v Yut Wai Tom,* 53 NY2d 44, 57; *see, People v Jamison,* 47 NY2d 882, 883-884). Here the court's behavior consisted of asking two questions concerning the meaning of the words "cop" and "joint". The better approach would have been to refrain from asking the questions; however, the trial court's questioning was not overlong and did not reveal the court's opinion of either the witness or the case *(see, People v Moulton,* 43 NY2d 944, 945). We have considered defendant's other arguments that the trial court's conduct denied him a fair trial and find them unpersuasive.

Judgment affirmed. Kane, J. P., Main, Casey, Weiss and Mikoll, JJ., concur.