■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM F. NICHOLS, Appellant. [733 NYS2d 778] —Spain, J. Appeal, by permission, from an order of the County Court of Montgomery County (Catena, J.), entered September 12, 2000, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of rape in the second degree (four counts), rape in the third degree (seven counts) and sexual abuse in the third degree, after a hearing.

On October 23, 1996, defendant was charged in an indictment with four counts of rape in the second degree, seven counts of rape in the third degree and one count of sexual abuse in the third degree for acts committed against the victim on 11 separate dates between July 1992 and May 1996. As relevant to this appeal, the victim testified at trial that on March 19, 1993, defendant picked her up from school and drove to the hospital so they could visit with her mother, who had just given birth to a baby girl. At approximately 7:00 P.M., defendant and the victim left the hospital and went home, and at approximately 10:00 P.M., defendant told her that he wanted to have intercourse with her and that no one would know since they were alone in the house. Thereafter, defendant had intercourse with the victim. Following a jury trial, defendant was found guilty as charged. Defendant was sentenced as a second felony offender to prison terms of 3½ to 7 years for two convictions of rape in the second degree, 2⅓ to 7 years for the remaining two convictions of rape in the second degree and 1⅓ to 4 years for his four convictions of rape in the third degree, as well as 90 days in jail for his conviction of sexual abuse in the third degree, each term to be served consecutively. On direct appeal, this Court affirmed the judgment of conviction (257 AD2d 851, *lv denied* 93 NY2d 901).

Thereafter, defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that he was denied the effective assistance of counsel because his counsel failed to investigate witnesses and pursue an alibi defense. County Court withheld decision concluding that defendant had "failed to substantiate his motion with sworn allegations of fact and relie[d] instead on bare conclusory allegations as to the existence of alibi witnesses and other exculpatory evidence," and directed defendant to submit affidavits from those alibi witnesses that he was claiming counsel should have called at trial. Pursuant to that directive, defendant provided only the affidavit of his mother and the names of four other witnesses who failed or refused to provide affidavits. After County Court denied defendant's CPL 440.10 motion, defendant moved to reargue asserting that his mother had been willing to testify at trial but his counsel had told her that the court would not allow her testimony. County Court granted the motion to reargue and held a hearing to further develop the record on this point. Following a hearing at which defendant's mother and his former counsel testified, the court again denied defendant's motion, finding that the mother's testimony contained inconsistencies and discrepancies and appeared to have been "either * * * manufactured or imagined to be true" and counsel's failure to call her at trial did not deprive defendant of meaningful representation. This Court granted defendant permission to appeal, and we affirm.

Defendant argues that no trial strategy justified defense counsel's failure to call defendant's mother as a witness. This Court cannot agree that defense counsel failed to provide effective assistance, as the transcript and submissions viewed objectively reveal the existence of a strategy that may have been pursued by a reasonably competent attorney (*see, People v Satterfield,* 66 NY2d 796, 799). Notably, while defense counsel's subjective reasons for the strategy choice are immaterial to this analysis (*see, id.*), County Court's first-hand observations that defendant's mother's testimony—which pertained only to count three of the lengthy indictment—was of doubtful credibility and accuracy belies defendant's claim that no reasonably competent attorney would make the decision not to call her (*see, People v Butler,* 273 AD2d 613, 615, *lv denied* 95 NY2d 933; *People v Fantroy,* 122 AD2d 291, 292).

Further, defendant's mother was not an alibi witness, rendering meritless defendant's claim that defense counsel was ineffective for failing to file a notice of alibi (*see, People v Ortiz,* 133 AD2d 853, 855, *lv denied* 70 NY2d 959). That is, an alibi

defense is "a trial defense that at the time of the commission of the crime charged [the *defendant*] was at some place or places other than the scene of the crime" (CPL 250.20 [1] [emphasis supplied]), whereas the mother's testimony would have placed the *victim* at a place other than the scene of one of the incidents and corroborated defendant's testimony that he was not with the victim at the time that she testified that crime occurred. A review of the trial transcript reveals that defense counsel was well aware of this distinction, indicating early on that he might call defendant's mother and later reserved the right to call "witnesses who would not be what we would call alibi witnesses, but who we would call witnesses in refutation of People's testimony." The record also refutes defendant's claim that his counsel mistakenly believed County Court would not allow testimony from his mother.

With respect to the four other named alibi witnesses, defendant failed to produce affidavits from them and no other evidence supporting the existence of an alibi defense was presented. Thus, County Court properly denied defendant's CPL 440.10 motion in this regard (*see, People v Castro*, 263 AD2d 373, 374, *lv denied* 94 NY2d 821; *People v Harris*, 131 AD2d 142, 144). The record in this case is replete with evidence that counsel pursued reasonable trial strategies and discovery, made appropriate motions and prepared for trial and that, under the totality of the circumstances existing at the time of the representation, counsel provided defendant with meaningful representation (*see, People v Benevento*, 91 NY2d 708, 712-713; *People v Rivera*, 71 NY2d 705; *People v Baldi*, 54 NY2d 137, 146-147).

Cardona, P. J., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed.