■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM WAINWRIGHT, Appellant. [782 NYS2d 271]—

Judgment, Supreme Court, New York County (Laura Drager, J.), rendered July 31, 2001, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4¹/₂ to 9 years, and order, same court and Justice, entered on or about May 16, 2003, which denied his CPL 440.10 motion to vacate the judgment, unanimously affirmed.

In asserting that he was denied the effective assistance of counsel, defendant's principal argument is that in this observation sale case, his trial counsel should have called the person convicted of buying drugs from defendant as a defense witness, or should have at least interviewed him. Defendant raised related issues in a motion brought pursuant to CPL 330.30 (3) to set aside the verdict on the ground that the buyer's prospective testimony that defendant was not the person from whom he bought drugs constituted newly discovered evidence. The trial court granted the motion after a hearing featuring the testimony of defendant, the buyer, and trial counsel. This Court (285 AD2d 358 [2001]) reversed, finding, among other things, albeit in a different procedural context from that of the present appeal, that the buyer's testimony "probably would not change the result," and that "the record amply supports a finding that the decision to forgo witnesses was a reasonable trial strategy to which defendant agreed" (285 AD2d at 360).

Upon our review of the entire record before us, we conclude that defendant received effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Counsel made a reasonable strategic determination, upon careful consideration of all relevant factors including the strength of the People's case as revealed at trial, and after consultation with his client, that it would be undesirable to call the buyer as a witness (*see People v Smith*, 82 NY2d 731 [1993]; *People v Nichols*, 289 AD2d 605 [2001], *lv denied* 98 NY2d 639 [2002]). Counsel was properly concerned that, even though the burden never shifts to the defense, the practical effect of calling the buyer would be to shift the jury's focus from the deficiencies in the People's case, such as the failure of the police to recover money or drugs from defendant, to the deficiencies in the buyer's credibility. Under these circumstances, it was not essential that counsel interview the buyer before making this decision.

The court properly denied defendant's application pursuant

to *Batson v Kentucky* (476 US 79 [1986]). The record supports the court's findings, including its implicit findings, that the nondiscriminatory reasons provided by the prosecutor for the challenges in question were not pretextual. These credibility-based rulings are entitled to great deference (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]). The demeanor-related reason advanced for the prosecutor's challenge to one of the prospective jurors had a specifically articulated and permissible basis (*compare People v Carillo*, 9 AD3d 333 [2004]). Contrary to defendant's contention, the challenge to another prospective juror was not based on the racial makeup of the community where she lived, but on her familiarity with the neighborhood where the crime took place (*compare People v Wint*, 237 AD2d 195, 197 [1997], *lv denied* 89 NY2d 1103 [1997], *with People v Davis*, 308 AD2d 343, 344 [2003], *lv denied* 1 NY3d 570 [2003]). As to the third prospective juror, defendant's present claim regarding alleged disparate treatment of a similarly situated prospective juror is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the People had legitimate reasons for challenging one panelist but not the other. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Williams and Catterson, JJ.