■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAUDIUS GREEN, Appellant. [810 NYS2d 188]—

Judgment, Supreme Court, New York County (Bernard J. Fried, J.), rendered August 1, 2003, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The court properly denied defendant's severance motion, made during trial, since it was untimely and defendant failed to show good cause for his failure to make a timely motion, or good cause for the trial court to nevertheless entertain the motion in the exercise of its discretion (CPL 255.10 [1] [g]; 255.20 [1], [3]). In any event, defendant failed to establish that if severance were granted, the codefendant would actually waive his Fifth Amendment rights and testify, and that his testimony would exculpate defendant (*see People v Bornholdt*, 33 NY2d 75, 87 [1973], *cert denied sub nom. Victory v New York*, 416 US 905 [1974]; *People v Owens*, 22 NY2d 93, 98 [1968]).

The court properly exercised its discretion in denying defendant's midtrial request for a continuance to produce, as a defense witness, a second codefendant who had pleaded guilty and who was incarcerated upstate (*see People v Foy*, 32 NY2d 473, 476 [1973]). The record establishes that defense counsel had previously considered and rejected calling this witness, because, as the plea minutes demonstrate, he had expressly inculpated his "codefendants" (including, by implication, the instant defendant) in his plea allocution. Accordingly, this codefendant would have been subject to significant impeachment, and counsel's initial tactical choice not to call him, a decision properly made by counsel (*see People v Ferguson*, 67 NY2d 383, 390 [1986]), appears reasonable (*see People v Smith*, 82 NY2d 731 [1993]; *People v Wainwright*, 11 AD3d 242 [2004], *lv denied* 4 NY3d 749 [2004]; *People v Nichols*, 289 AD2d 605 [2001], *lv*

*denied* 98 NY2d 639 [2002]). However, counsel ultimately acceded to his client's insistence on calling the codefendant, while reiterating that this course of action was still against his professional advice, and made efforts to locate him. Late in the trial, counsel learned that the codefendant was incarcerated upstate, and that it was too late to have him produced without delaying the trial. Under these circumstances, the court was under no obligation to grant such an adjournment.

Since defendant did not assert a constitutional right to either a severance or a continuance, and in particular never alerted the trial court to his present claim that, as to either or both issues, his right to call witnesses and present a defense would overcome considerations of timeliness, his constitutional arguments are unpreserved (*see People v Angelo*, 88 NY2d 217, 222 [1996]; *People v Gonzalez*, 54 NY2d 729 [1981]; *see also Smith v Duncan*, 411 F3d 340, 348-349 [2d Cir 2005]; *Brown v Miller*, 2005 WL 1773683, *2-4, 2005 US Dist LEXIS 15026, *4-14 [SD NY 2005]), and we decline to review them in the interest of justice. Were we to review these claims, we would reject them.

Through counsel (*see People v Ferguson*, 67 NY2d at 390), defendant expressly waived any objection to the court's decision to permit the undercover officer to testify under a pseudonym, and we decline to review his present claim in the interest of justice. Were we to review this claim, we would reject it (*see People v Gibson*, 18 AD3d 335 [2005], *lv denied* 5 NY3d 789 [2005] [codefendant's appeal]).

The record establishes that defendant received effective assistance of counsel under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Defendant was not prejudiced by counsel's failure to challenge the undercover officer's anonymous testimony, or to make a timely severance motion, because the record shows that neither course of action would have been successful. As discussed previously, counsel's delay in seeking production of a codefendant was the result of counsel's well-founded initial decision not to call the witness. Furthermore, even assuming counsel took all the steps necessary to obtain the testimony of both of the codefendants, the record does not establish that either or both codefendants would have actually testified, that they would have given exculpatory testimony, or that the jury would have been likely to credit such testimony. Concur—Saxe, J.P., Gonzalez, Catterson, McGuire and Malone, JJ.