■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON ENNIS, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELDON ENNIS, Appellant. [839 NYS2d 720]—

Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered January 2, 2001, convicting defendant Aaron Ennis, after a jury trial, of conspiracy in the second degree, attempted murder in the second degree, assault in the third degree (three counts), assault in the second degree, criminal possession of a weapon in the second degree (two counts), and criminal possession of a weapon in the third degree (two counts), and sentencing him, as a second violent felony offender, to an aggregate term of 73⅓ to 90 years, and order, same court (Philip M. Grella, J.), entered on or about October 28, 2004, which denied defendant Aaron Ennis's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered March 21, 2001, convicting defendant Sheldon Ennis, after a jury trial, of conspiracy in the second degree, assault in the first degree (two counts), assault in the second degree, and criminal possession of a weapon in the second and third degrees, and sentencing him, as a second felony offender, to an aggregate term of 43⅓ to 60 years, and order, same court (Robert M. Stolz, J.), entered on or about October 7, 2005, which denied Sheldon Ennis's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

Defendants Aaron Ennis (Aaron) and Sheldon Ennis (Sheldon), who are brothers, were coconspirators in a substantial drug operation. At a joint trial, they were convicted of shooting or stabbing various persons in an effort to eliminate or intimidate defendants' rivals in the drug trade, and were also convicted of conspiracy. Both defendants made CPL 440.10 motions, in which Aaron alleged a violation of the People's disclosure obligations under *Brady v Maryland* (373 US 83 [1963]), and Sheldon made a separate *Brady* claim, connected with allegations that his attorney provided ineffective assistance and operated under a conflict of interest. We conclude that the motions were properly denied.

We agree with Aaron that the People should have disclosed an uncalled witness's October 6, 1998 statement that a named individual other than Aaron was the perpetrator of the January 2, 1998 shooting. Disclosure in January 2001, after Aaron had already been tried, convicted and sentenced with regard to that shooting, was obviously untimely. However, there was no reasonable possibility that the failure to disclose the report contributed to the verdict (*see People v Vilardi*, 76 NY2d 67, 77

[1990]). The record establishes that the undisclosed person would have been useless to Aaron as a witness at trial, because the witness would either have recanted his accusation, or been subject to devastating impeachment, as well as contradiction by another witness available to the People.

Sheldon's claim that the People violated *Brady* and that his trial counsel was ineffective is based on the following facts and allegations. Before the trial, there was a conference between Aaron, his attorney, and the prosecutor, in which Aaron made a statement (not received in evidence at trial) admitting the August 27, 1996 shooting, but stating that Sheldon neither participated in nor was present for that shooting. Despite Sheldon's request for *Brady* material, the People never disclosed this information to him. Late in the trial, Aaron's lawyer told Sheldon's lawyer about Aaron's statement, asking him not to disclose this information to anyone else until the trial was over; Sheldon's lawyer agreed and did not even tell his own client about what he had learned. Sheldon's lawyer did not move to sever Sheldon's trial from Aaron's for the purpose of calling Aaron as a witness, and did nothing to bring the *Brady* violation to the court's attention. In an affirmation submitted on Sheldon's CPL 440.10 motion, the lawyer stated that he had no tactical or strategic reason for his actions.

We reject the *Brady* branch of Sheldon's claim. We agree that the People should have disclosed to Sheldon that Aaron had made a statement exculpating Sheldon as to the shooting in question. We decline to speculate as to Sheldon's knowledge of his brother's ability to exculpate him, or as to any communications between the brothers during the pendency of the case. However, as we concluded with respect to Aaron's *Brady* claim, there was no reasonable possibility that the failure to disclose the statement contributed to the verdict. There is no evidence, either in the trial or CPL 440.10 motion records, to suggest that, even if a severance had been granted and Aaron had been tried and convicted first, Aaron would have waived his Fifth Amendment privilege (still applicable at the appellate stage) and testified for Sheldon. If Aaron had asserted his privilege, Sheldon could not have introduced Aaron's hearsay statement. It did not qualify as a declaration against penal interest (*see People v Settles*, 46 NY2d 154, 167-170 [1978]), particularly since the portion of the statement exculpating Sheldon did not shift any liability to Aaron and was in no way adverse to his interest (*see People v Burns*, 6 NY3d 793 [2006]).

While we do not condone the fact that Sheldon's lawyer apparently placed his promise of confidentiality to Aaron's lawyer

above his duty of loyalty to his own client, we do not find that Sheldon received ineffective assistance of counsel. Even if Sheldon's lawyer had moved for a severance during the trial, it is unlikely that it would have been granted, as it was speculative at that stage that Aaron would have waived his Fifth Amendment privilege (*see e.g. People v Green*, 27 AD3d 231 [2006], *lv denied* 6 NY3d 894 [2006]). A lawyer is not ineffective for failing to make a motion that is unlikely to succeed (*see id.* at 233).

Turning to defendants' direct appeals, we find no basis for reversal of either judgment. Defendants' contention that the People violated *People v Trowbridge* (305 NY 471 [1953]) is unavailing, since the investigator did not testify that any witnesses made out-of-court identifications of defendants; hence, his placing of names on a board of photographs did not constitute impermissible bolstering.

We reject Sheldon's claim that the evidence was legally insufficient to convict him of stabbing two rival drug dealers on December 22, 1996. The eyewitness testimony and medical evidence supports the inference that Sheldon personally stabbed one of the victims, and a rational jury could find that Sheldon was accessorially liable for Aaron's stabbing of the other victim with intent to cause physical injury to that victim (*see e.g. People v Allah*, 71 NY2d 830 [1988]; *People v Carromero*, 244 AD2d 154 [1997], *lv denied* 91 NY2d 924 [1998]).

Defendants' pro se sufficiency and double jeopardy arguments are without merit. Defendants' pro se ineffective assistance of counsel claims were not included in their CPL 440.10 motions, and are unreviewable on direct appeal because they involve matters outside the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we reject those claims. Both defendants' remaining pro se claims, as well as Aaron's challenge to his second violent felony offender adjudication, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal.

We perceive no basis for reducing the sentences. Concur—Saxe, J.P., Sullivan, Gonzalez, Catterson and Kavanagh, JJ.