*391 Order, Supreme Court, Bronx County (Richard Lee Price, J.), entered on or about December 4, 2007, which denied defendant’s CPL 440.10 motion to vacate a judgment, same court and Justice, rendered June 13, 2002, convicting her, after a jury trial, of kidnapping in the first degree, attempted murder in the second degree, and arson in the second degree, and imposing sentence, unanimously affirmed.
On direct appeal (25 AD3d 394 [2006], lv denied 7 NY3d 760 [2006]), defendant did not challenge the suppression hearing court’s ruling denying her motion to suppress statements, and she may not challenge that ruling by way of a motion to vacate judgment. A CPL 440.10 motion may not be used as a device to obtain a second appeal on an issue that appears on the face of the record (CPL 440.10 [2] [c]; People v Cooks, 67 NY2d 100 [1986]), and we see no reason to distinguish between issues of law and issues that seek to invoke this Court’s interest of justice jurisdiction. To the extent that defendant’s CPL 440.10 motion may be construed as seeking to elicit additional facts that were not part of the evidence before the suppression court, we reject that branch of the motion pursuant to CPL 440.10 (3) (a). We also note that we have previously denied a motion by defendant claiming ineffective assistance of appellate counsel. Accordingly, defendant’s motion to vacate judgment was procedurally defective except to the extent it asserted ineffective assistance of trial counsel, a claim we reject on the merits.
Trial counsel provided effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]), and the court properly denied, without a hearing, those branches of the CPL 440.10 motion claiming ineffective assistance (see People v Satterfield, 66 NY2d 796, 799-800 [1985]). While defendant adequately explained her inability to obtain an affirmation from trial counsel, and her motion should not have been denied on that basis (see People v Gil, 285 AD2d 7, 11-12 [2001]), defendant’s papers still do not contain sworn allegations sufficient to substantiate the essential facts of her claims, and we thus reject her claims on the merits.
Defendant asserts that her trial counsel failed to interview and make use of potential defense witnesses. Regardless of the extent of counsel’s interview of a codefendant who had pleaded guilty prior to defendant’s trial, and regardless of whether this codefendant could have provided exculpatory testimony, it would have been reasonable for counsel to decline to call him as a witness. His testimony would have been unhelpful and potentially damaging because he would inevitably have been impeached by *392 means of his plea allocution in which he had incriminated defendant (see People v Green, 27 AD3d 231, 232 [2006], lv denied 6 NY3d 894 [2006]). While defendant claims her counsel should have interviewed defendant’s daughters as possible witnesses, there is nothing to indicate they were alibi witnesses or could have provided any other type of exculpatory testimony (see People v Nichols, 289 AD2d 605 [2001], lv denied 98 NY2d 639 [2002]).
Next, defendant argues that her trial counsel’s communications with her throughout the representation were inadequate and impaired by a language barrier. However, the motion court correctly determined that this contention is contradicted by the record, which reveals frequent and appropriate attorney-client consultations, in which counsel used an interpreter or his own knowledge of Spanish.
We also reject defendant’s claim that her attorney mishandled the suppression hearing by failing to elicit evidence and make arguments concerning coercive circumstances and pre-Miranda warnings custodial interrogation. Defendant has not shown that such a strategy would have had any reasonable likelihood of success. The factual assertions she now claims her attorney should have pursued were contradicted by police testimony at the hearing, and there is no reason to believe that the suppression court would have been persuaded to discredit the police testimony and credit that of defendant.
Finally, even assuming that trial counsel’s performance was deficient in all the ways cited by defendant, these deficiencies did not deprive defendant of a fair trial, affect the outcome of the proceedings, or cause her any prejudice (see People v Caban, 5 NY3d 143, 155-156 [2005]; People v Hobot, 84 NY2d 1021, 1024 [1995]). Concur—Mazzarelli, J.E, Friedman, Nardelli, Buckley and Freedman, JJ.