People v Aguirre (2018 NY Slip Op 06468)





People v Aguirre


2018 NY Slip Op 06468


Decided on October 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2018

Manzanet-Daniels, J.P., Tom, Webber, Oing, JJ.


7177 3537/09

[*1]The People of the State of New York, Respondent,
v
Marcos Aguirre, Defendant-Appellant.


Christina Swarns, Office of the Appellate Defender, New York (Samuel J. Mendez of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sheila O'Shea of counsel), for respondent.



Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered May 19, 2010, convicting defendant, after a nonjury trial, of criminal possession of marijuana in the second degree, and sentencing him to five years' probation, unanimously affirmed.
We find the trial court properly denied defendant's CPL 330.30(3) motion to set aside the verdict based on newly discovered evidence.
Defendant was convicted of having possessed, in his apartment, more than one pound of marijuana. At trial, defendant testified that he had no knowledge of the marijuana, but that the marijuana belonged to an individual to whom he had rented a bedroom in his apartment. In support of his CPL 330.30(3) motion, defendant submitted affidavits from five individuals, which, according to defendant, established that it was the subtenant who actually possessed the marijuana.
The trial court correctly ruled that two of these affidavits provided no support for the motion because defendant failed to establish that they constituted evidence "discovered since the trial" (CPL 330.30[3]; see People v Wainright, 285 AD2d 358, 360 [1st Dept 2001]). The court found that defendant provided no explanation as to why these two individuals who had been known by defendant for many years and according to defendant were aware he rented the room to the alleged subtenant, could not have, with due diligence, been called at trial.
The court also correctly ruled that the other three affidavits, which reported alleged posttrial admissions of guilt by the alleged subtenant, were hearsay and would have been inadmissible at a new trial. Defendant's argument that the inculpatory statements reported in these affidavits would have been admissible under the declarations against penal interest exception to the hearsay rule is unavailing, because defendant failed to demonstrate that the alleged subtenant would be unavailable to testify at a new trial or if called to testify would invoke his Fifth Amendment privilege. Demonstration of unavailability is "a prerequisite to the admission of a declaration against penal interest" (People v Sanchez, 95 AD3d 241, 247 [1st Dept 2012], affd 21 NY3d 216 [2013]).
In light of the foregoing, we also conclude that defendant did not establish his entitlement to an evidentiary hearing on the motion (see People v Samandarov, 13 NY3d 433, 437-438 [2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 2, 2018
CLERK