OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
*818 Defendant contends on this appeal that the trial court should have dismissed the charges against him due to a variance between the People’s proof at trial and the indictment. Specifically, he argues that the indictment charged him with conspiring with Fellouris, Boggs, and Jones, to possess the bearer bonds stolen by Fellouris and Boggs from the Vakils’ brokerage accounts while the evidence at trial showed only that he, Boggs and Jones conspired against Fellouris to keep all of the funds for themselves.
The court’s charge presented the case to the jury as set forth in the indictment and defendant’s contention is thus, in effect, that there was insufficient evidence to convict him of the conspiracy for which he was indicted. While the indictment does name Fellouris as one of defendant’s coconspirators, it does not allege that defendant conspired to steal the bonds. Rather, the defendant was accused in the indictment of being part of a conspiracy to knowingly possess property stolen from the Vakils’ brokerage accounts with the intent to benefit persons other than the rightful owners of the property or to impede the recovery of the property by the owners. There was abundant evidence that defendant agreed with others to possess the bonds with the knowledge that the bonds were stolen and with the intent to benefit himself and other conspirators.
The fact that the evidence seemed to show that defendant conspired only with Boggs and Jones, and not also with Fellouris, did not work as an impermissible amendment of the indictment. Conviction for a conspiracy offense requires proof only that the defendant entered into a criminal agreement with at least one other person and thus the fact that the indictment alleged that the defendant conspired with three other persons did not bind the People to proving that an agreement existed amongst all four persons (see, People v Charles, 61 NY2d 321, 327). Significantly, it is clear that the indictment, which specified numerous overt acts alleged to have been taken by defendant in furtherance of the conspiracy, put defendant on notice that he would be tried for agreeing to participate in a plan to criminally possess the bonds which had been stolen from the Vakils.
Defendant also contends that the trial court committed reversible error in refusing to charge the jury with respect to defendant’s alibi defense for one of the overt acts specified in the indictment — a meeting at the Warwick Hotel testified to by Fellouris. There were numerous other acts tending to show that the defendant nsu joined the conspiracy. Under these circum *819 stances it was not error for the court to refuse to charge the jury that the People had the burden of disproving the alibi beyond a reasonable doubt (see, Penal Law § 25.00 [1]; People v Watts, 57 NY2d 299).
The defendant also objects to the court’s charge on the ground that it did not properly convey the rule of law established by this court in People v McGee (49 NY2d 48), which held that a defendant cannot be convicted for substantive crimes committed by his coconspirators solely by virtue of his membership in the conspiracy. While the court did not make a verbatim restatement of this holding, its charge to the jury did explain that the conspiracy and the criminal possession offenses were distinct from each other, and that the defendant could only be convicted of the criminal possession offense if the People had established all the elements of that offense beyond a reasonable doubt. Notably absent from the charge was any suggestion that the “Pinkerton” rule (see, Pinkerton v United States, 328 US 640) rejected in McGee should be followed.
Finally, we note that there was sufficient evidence to support the court’s finding that venue for the prosecution was properly laid in New York County.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur.
Order affirmed in a memorandum.