■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN RODRIGUEZ, Appellant.—Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered May 15, 1990, convicting defendant, after a jury trial, of conspiracy in the second degree, criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree, and sentencing him to concurrent terms of imprisonment of from 6 to 18 years, unanimously affirmed.

Viewing the evidence in the light most favorable to the People (People v Contes, 60 NY2d 620), defendant's guilt of conspiracy in the second degree was proven beyond a reasonable doubt. The People were not required to prove the existence of an illicit agreement between defendant and every other codefendant charged in the indictment (People v Treuber, 64 NY2d 817, 818).

Defendant's claims regarding the court's charge are unpreserved, since he never objected thereto at trial (CPL 470.05 [2]). Were we to reach these claims in the interest of justice, we would find no error in the court's charge, which correctly apprised the jury of the proper standard of proof (People v

*Cruz,* 172 AD2d 383, *lv denied* 78 NY2d 964). Moreover, the hypothetical illustration used by the trial court could not have misled or prejudiced the jury *(People v Fagan,* 166 AD2d 290, *lv denied* 77 NY2d 838).

Defendant's sentence does not reflect that the court penalized him for going to trial, nor is it excessive. Concur—Carro, J. P., Milonas, Rosenberger and Asch, JJ.