■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL LILLY, Appellant. [696 NYS2d 423] —Judgment, Supreme

Court, New York County (Nicholas Figueroa, J.), rendered May 6, 1998, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5½ to 11 years, unanimously affirmed.

The verdict was not against the weight of the evidence. We find no basis in the record to disturb the jury's determinations concerning credibility of witnesses.

The trial court properly admitted evidence of the uncharged sale that occurred minutes after the charged sale, since it was relevant to the charge of possession with intent to sell as well as being relevant to identity and other issues with respect to the sale charge (*see, People v Pressley*, 216 AD2d 202, *lv denied* 86 NY2d 800). Since defendant never requested a limiting instruction concerning such evidence, his claim is unpreserved for appellate review and we decline to review it in the interest of justice.

The court's instruction to the jury to avoid engaging in conjecture or speculation concerning the possible use of recording equipment does not warrant reversal when read as a whole, since the court simultaneously charged the jury concerning the effect of lack of evidence, and since the instruction did not eliminate from the jury's consideration an essential element of defendant's defense (*see, People v Marchese*, 224 AD2d 341, *lv denied* 88 NY2d 989).

Defendant's claim of a *Rosario* violation is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find nothing in the record suggesting that the People failed to produce the requested materials.

We have considered and rejected defendant's remaining claims. Concur—Ellerin, P. J., Rosenberger, Nardelli, Mazzarelli and Andrias, JJ.