■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEJANDRO LUCIANO, Appellant. [705 NYS2d 372] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered April 16, 1997, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

The verdict was not against the weight of the evidence (People v Bleakley, 69 NY2d 490). Issues of credibility were properly presented to the trier of fact and we find no reason to disturb its determinations.

Defendant's challenge for cause to a prospective juror was properly denied since the juror, an FBI agent who had expressed a generally favorable opinion of the truthfulness of police witnesses, unequivocally affirmed that he could serve as an impartial juror (see, People v Torpey, 63 NY2d 361).

The officer's testimony that he observed defendant engage in a drug transaction with an unidentified individual immediately after the charged sale was properly admitted (see, People v Lilly, 264 AD2d 684), and the court gave an appropriate limiting instruction. The officer's testimony concerning his observations of defendant prior to the charged sale did not constitute evidence of uncharged crimes and no limiting instructions were necessary. Defendant's related challenge to the prosecutor's summation is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the prosecutor's remark does not warrant reversal. Concur—Rosenberger, J. P., Williams, Tom, Rubin and Buckley, JJ.