■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL DUSHAIN, Appellant. [778 NYS2d 275]—

Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered February 2, 1999, convicting defendant, after a jury trial, of murder in the second degree (two counts), conspiracy in the first and second degrees, attempted murder in the second degree (four counts), kidnapping in the second degree, assault in the first degree, criminal sale of a controlled substance in the second and third degrees and criminal possession of a controlled substance in the third degree (two counts), and sentencing him to an aggregate term of 150 years to life, unanimously affirmed.

Defendant's challenges to the sufficiency of the evidence and his related challenges to the court's charge are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the verdict as to each count was based on legally sufficient evidence. In particular, we note that defendant's various arguments concerning accomplice testimony, some of which are similar to arguments previously rejected by this Court on a codefendant's appeal (*People v Green*, 306 AD2d 174, 175 [2003], *lv denied* 100 NY2d 594 [2003]), are unavailing (*see* CPL 60.22 [1]; *People v Breland*, 83 NY2d 286, 293 [1994]; *People v Cruz*, 291 AD2d 1 [2002], *lv denied* 97 NY2d 752 [2002]).

Defendant's challenges to the court's conduct of the trial are unpreserved (*see People v Charleston*, 56 NY2d 886 [1982]), and we decline to review them in the interest of justice. Were we to review these claims, we would find that the isolated instances to which defendant points do not support his assertion that the court was biased against him or that it deprived him of a fair trial. The conduct of which defendant complains either took place outside the jury's presence, or constituted proper rulings and permissible clarifying questions of witnesses (*see People v Jamison*, 47 NY2d 882 [1979]; *People v Gonzalez*, 38 NY2d 208, 210 [1975]).

The court's rulings on uncharged crimes evidence were proper exercises of discretion that properly balanced the probative value and prejudicial effect of such evidence (*see generally People v Alvino*, 71 NY2d 233, 241-242 [1987]).

As we concluded with regard to the codefendant (*People v Green*, 306 AD2d at 175), defendant's challenges to the People's summation are unpreserved and without merit.

The record establishes that defendant received effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

We perceive no basis for reducing the sentence.

We have considered and rejected defendant's remaining

claims, including those contained in his pro se supplemental brief. Concur—Saxe, J.P., Sullivan, Williams, Friedman and Marlow, JJ.