THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY THOMPSON, Appellant. [779 NYS2d 190]—

Judgment, Supreme Court, New York County (Arlene R. Silverman, J.), rendered May 1, 2002, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

While the court's participation in examining witnesses was unduly extensive, the court did not take on "either the function or appearance of an advocate" (*People v Arnold*, 98 NY2d 63, 67 [2002]) or suggest to the jury that it had an opinion on the merits. Accordingly, defendant was not deprived of a fair trial (*see People v Moore*, 6 AD3d 173 [2004]; *People v Robinson*, 3 AD3d 404 [2004]). However, we note that is not the first instance of this court's unwarranted intrusion into the presentation of a case by excessive questioning.

The court's instructions concerning evidence of uncharged contemporaneous drug sales sufficiently cautioned the jury concerning the limited purposes for which the evidence was being admitted. Given that this evidence was probative of defendant's accessorial liability for the charged sale (*see People v Carter*, 77 NY2d 95, 107 [1990], *cert denied* 499 US 967 [1991]), the language requested by defendant was not warranted. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Lerner and Friedman, JJ.