■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK STRANIERO, Appellant. [792 NYS2d 466]—

Judgment, Supreme Court, New York County (Arlene R. Silverman, J.), rendered August 8, 2000, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree, and sentencing him to a term of 15 years to life, unanimously affirmed.

The court's amendment of the indictment, which moderately enlarged the time frame of defendant's possession of the cocaine, did not "change the theory or theories of the prosecution as reflected in the evidence before the grand jury which filed such indictment, or otherwise tend to prejudice the defendant on the merits" (CPL 200.70 [1]). The amendment modified the time frame in a manner that fit the complex and unusual fact pattern established both in the grand jury and at trial, and it had no adverse impact on defendant's strategy or his ability to defend against the charges (see People v Parrilla, 285 AD2d 157 [2001], lv denied 97 NY2d 657 [2001], cert denied 535 US 1020

[2002]). By enlarging the time frame, the court did not submit to the jury a new theory of possession, and given the evidence, there is no reasonable possibility that the jury could have convicted defendant on an improper theory.

The court's conduct did not deprive defendant of a fair trial. Although the court participated in the examination of some witnesses, it neither functioned as nor appeared to be an advocate for the prosecution. Nor did the court suggest in any way to the jury that it had an opinion on the merits of the case (*see People v Moore*, 6 AD3d 173 [2004], *lv denied* 3 NY3d 661 [2004]). The court properly exercised its discretion in imposing fair restrictions on cross-examination, and did not deprive defendant of his rights to present a defense and to confront witnesses against him when it precluded cross-examination on matters of questionable relevance (*see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]).

Defendant also argues that he was denied a fair trial because, in addition to having to rebut the prosecution's proof, he also had to overcome the hostility of the court. However, upon reviewing the record, it is indisputable that, to the extent the court's conduct could in any remote way be perceived as hostile, this was the direct result of defense counsel's constant baiting, belittling, provoking and showing disrespect to the court throughout the trial. The record is peppered with examples of defense counsel's disparaging and offensive conduct. For example, when the court explained to both sides the parameters of opening remarks, defense counsel remarked, "But it's a very complicated case, Judge. The little you know about the case." When the court advised counsel that opening remarks were to be limited to what the evidence would show, defense counsel accused the court of ignoring "250 years of jurisprudence" and depriving defendant of a fair trial. When the court gave an adverse ruling limiting defense counsel's line of questioning, counsel told the court that it would understand why the questions were necessary "if you would've listened to the opening." When the court inquired what further questions defense counsel had of a particular witness, he responded as follows: "Let me tell you what's going on here so even you can understand it." On another occasion, counsel stated, "I don't know why you don't seem to grasp it." During a sidebar request for a limiting instruction, defense counsel accused the court of not having "the foggiest notion of what the defense is in this case." Treating the People as an equal target for verbal abuse, defense counsel accused the prosecutor, without any substantiation, of knowingly using perjured testimony during the trial.

Defense counsel's comments were petulant and gratuitously rude, which alone insured the adversarial atmosphere now raised in an appellate point. Any court, confronted with this unprofessional and obstreperous display, would have acted well within its discretion to hold counsel in contempt or refer the matter to the appropriate grievance committee. Under such circumstances, we do not deem the trial court's challenged remarks inappropriate, nor do we find that they reach a level suggesting a reversal. Concur—Tom, J.P., Andrias, Saxe, Marlow and Nardelli, JJ.