■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMETRIUS JENKINS, Appellant. [807 NYS2d 90]—

Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered December 18, 2002, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term 25 years to life, unanimously affirmed.

Defendant's arguments concerning the court's questioning of witnesses are unpreserved (*see People v Charleston*, 56 NY2d 886, 887-888 [1982]), and we decline to review them in the interest of justice. Were we to reach these claims, we would find that most of the court's questions to witnesses were proper, in that they clarified testimony or moved the trial forward (*see People v Yut Wai Tom*, 53 NY2d 44, 56-57 [1981]). While a very few of these instances in this lengthy trial were inappropriate, they were isolated and did not deprive defendant of a fair trial (*see People v Moulton*, 43 NY2d 944, 945-946 [1978]; *People v Vasquez*, 231 AD2d 436 [1996], *lv denied* 89 NY2d 868 [1996]). The court clearly did not act as a witness or second prosecutor (*compare People v Retamozzo*, 25 AD3d 73, [2005]).

Defendant's assertions that the court improperly denigrated defense counsel are also unpreserved, and we decline to review them in the interest of justice. Counsel made only one objection about comments the court made in front of the jury, and that objection was insufficiently specific to preserve the issue. Were we to reach the issue, we would find that any sharp exchanges between the court and counsel was brought on by counsel's improper conduct, including his refusal to abide by the court's rulings (*see People v Straniero*, 17 AD3d 161 [2005], *lv denied* 5 NY3d 795 [2005]). Moreover, most of the comments by the court to which defendant now objects were made at sidebars outside the hearing of the jury (*see People v Wager*, 19 AD3d 263 [2005], *lv denied* 5 NY3d 811 [2005]; *People v Dushain*, 8 AD3d 137 [2004], *lv denied* 3 NY3d 739 [2004]). Finally, the court's comments were restrained and judicious in response to what appeared to be deliberate baiting by counsel.

Defendant's ineffective assistance of counsel claim is unreviewable on direct appeal because it involves matters outside the record concerning counsel's strategic choices (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998

[1982]). While counsel repeatedly asked improper questions, particularly those which sought to elicit hearsay or assumed facts not in evidence, the record supports the conclusion that counsel's conduct was a deliberate attempt to introduce evidence or innuendo which he could not otherwise have put before the jury. It is also reasonable to conclude that counsel may have hoped that either the prosecutor would fail to object, the court would fail to sustain the objection, or the jury would conclude by the prosecutor's repeated objections and the court's sustaining of those objections that something exculpatory was being kept from it. Accordingly, we reject defendant's argument that counsel's behavior could not have been prompted by strategic concerns (see People v Gonzalez, 251 AD2d 51, 52 [1998], lv denied 92 NY2d 982 [1998]), and we conclude that a CPL 440.10 motion would be necessary to explore what, if any, strategy was behind counsel's behavior. To the extent the existing record permits review, it establishes that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]).

The record does not establish that defendant's sentence was based on any improper criteria, and we perceive no basis for reducing the sentence. Concur—Tom, J.P., Mazzarelli, Sullivan, Nardelli and McGuire, JJ.