■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ROBLES, Appellant. [812 NYS2d 465]—

Judgment, Supreme Court, New York County (Arlene R. Silverman, J.), rendered January 8, 2002, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, and order, same court and Justice, entered on or about December 9, 2004, which denied defendant's motion to vacate his conviction pursuant to CPL 440.10, unanimously affirmed.

Defendant's claim that he was denied a fair trial because of the court's questioning of witnesses is unpreserved (*People v Charleston*, 56 NY2d 886 [1982]), and we decline to review it in the interest of justice. Were we to review this claim, we would reject it. Although the court's participation was unduly extensive (*see People v Thompson*, 8 AD3d 213 [2004], *lv denied* 3 NY3d 742 [2004]), at no point did the court take on the appearance of an advocate, interject factual information or suggest to the jury that it had an opinion on the merits (*see People*

*v Arnold,* 98 NY2d 63, 67 [2002]; *People v Robinson,* 3 AD3d 404 [2004], *lv denied* 2 NY3d 765 [2004]; *compare People v Retamozzo,* 25 AD3d 73 [2005]). We note that we have previously cautioned the court below not to excessively question witnesses during the course of the trial.

The court properly denied defendant's CPL 440.10 motion after a thorough hearing. Defendant received effective assistance under the state and federal standards (*see People v Benevento,* 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington,* 466 US 668 [1984]). At defendant's first trial, where he was tried with his codefendant who gave testimony on his own behalf that tended to exculpate defendant, the jury convicted the codefendant and was unable to reach a verdict with respect to defendant. The hearing record establishes that counsel, who represented defendant at both trials, made a reasonable strategic decision not to call the codefendant as a witness at the second trial (*see People v Smith,* 82 NY2d 731 [1993]; *People v Wainwright,* 11 AD3d 242 [2004], *lv denied* 4 NY3d 749 [2004]; *People v Nichols,* 289 AD2d 605 [2001], *lv denied* 98 NY2d 639 [2002]). Counsel was reluctant, to begin with, to call the codefendant because of the credibility problems he displayed at the first trial, and when counsel learned that the codefendant was unwilling to testify, he reasonably concluded that it would be unwise to attempt to force him to do so. Although defendant claims his counsel took inadequate steps to maintain contact with the codefendant, who had been released from custody, the record shows that the actual reason for not calling him was strategic. Concur—Andrias, J.P., Saxe, Friedman, Catterson and Malone, JJ.