THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL GAFFNEY, Appellant. [816 NYS2d 653]—

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered June 24, 2004. The judgment convicted defendant, upon a jury verdict, of sodomy in the first degree, sexual abuse in the first degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of sodomy in the first degree (Penal Law former § 130.50 [3]), sexual abuse in the first degree (§ 130.65 [3]), and endangering the welfare of a child (§ 260.10 [1]). Contrary to defendant's contention, County Court properly limited defense counsel's cross-examination of the victim concerning her psychiatric history inasmuch as there is no indication in her psychiatric records that her capacity to perceive and recall events was impaired by a psychiatric condition (*see People v Middlebrooks*, 300 AD2d 1142, 1143 [2002], *lv denied* 99 NY2d 630 [2003]). Contrary to the further contention of defendant, he was not deprived of effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Defense counsel had a discernible trial strategy in disclosing that defendant had two prior convictions based upon his pleas of guilty (*see generally People v Rivera*, 71 NY2d 705, 708-709 [1988]), i.e., that defen-

dant was willing to plead guilty when he was in fact guilty. In addition, defense counsel was thereby attempting to establish that members of the victim's family had a motive to lie when testifying against defendant at trial because one of the prior convictions involved another family member. Indeed, we note that, in his statement to the probation officer during the presentence investigation following the trial, defendant again made the arguments concerning both his willingness to plead guilty when he was in fact guilty and the motive of the victim's family members to lie. We further reject the contention of defendant that he was denied effective assistance of counsel based on defense counsel's failure to use the psychiatric records of the victim when cross-examining her, inasmuch as the court had previously indicated that it would not allow such cross-examination. In any event, it is well established that "[a] contention of ineffective assistance of trial counsel requires proof of less than meaningful representation, rather than simple disagreement with strategies and tactics" (*id.*), and defendant failed to present the requisite proof of less than meaningful representation. Although defendant is correct that defense counsel's cross-examination of the victim was not aggressive, we conclude that it was nevertheless effective, particularly in view of the fact that the victim was young and emotional. During the cross-examination of the victim, defense counsel revealed many inconsistencies in her testimony and thereby undermined her credibility.

Contrary to defendant's further contention, the verdict is not against the weight of the evidence. The case rested primarily on the credibility of the victim, and it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Finally, we reject defendant's contention that the imposition of consecutive sentences for the crimes of sexual abuse and sodomy is illegal. "[E]ven if the statutory elements of multiple offenses overlap, sentences may be imposed to run consecutively when multiple offenses are committed through separate and distinct acts, though they are part of a single transaction" (*People v Ramirez*, 89 NY2d 444, 451 [1996]). The victim testified that defendant forced her to touch his penis and then forced his penis into her mouth, and the court charged the jury that penis to hand contact was required in order to find defendant guilty of sexual abuse and that penis to mouth contact was required in order to find defendant guilty of sodomy. Thus, "defendant's acts underlying the crimes are separate and distinct," thereby warranting the imposition of consecutive sentences (*id.; see People v Laureano*, 87 NY2d 640, 643 [1996]). Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Hayes, JJ.