■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEYLEEN CANTO, Appellant. [818 NYS2d 218]—

Judgment, Supreme Court, New York County (Arlene R. Silverman, J.), rendered September 14, 2004, convicting defendant, after a jury trial, of two counts of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

The court's *Sandoval* ruling, which permitted elicitation of defendant's prior drug convictions without revealing their

underlying facts, balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Pavao*, 59 NY2d 282, 292 [1983]). Since these convictions were relevant to defendant's willingness to place his interests above those of society, it was appropriate to identify in order to assist the jury in evaluating defendant's credibility.

Defendant contends that the court's interruption of defendant's summation to provide the jury with a brief instruction on police investigatory techniques deprived defendant of the right to present an effective summation and, ultimately, of a fair trial. After the interruption, however, defendant was fully able to pursue and complete the same line of argument he had been making, and the court's instruction did not undermine defendant's defense (*see People v Jiovani*, 258 AD2d 277 [1999], *lv denied* 93 NY2d 900 [1999]; *see also People v Lilly*, 264 AD2d 684 [1999], *lv denied* 94 NY2d 825 [1999]; *People v Kramer*, 240 AD2d 204 [1997], *lv denied* 91 NY2d 875 [1997]; *compare People v Williams*, 5 NY3d 732 [2005]).

We are not persuaded, based on a "review of the record as a whole," and given the overwhelming proof of defendant's guilt that the jury was "prevented from arriving at an impartial judgment on the merits" (*People v Moulton*, 43 NY2d 944, 946 [1978]). Therefore, there is no basis to overturn the verdict on the grounds of the trial judge's conduct.

It must be noted however that we have previously remarked upon the trial judge's interference with the conduct of criminal trials (*see People v Melendez*, 31 AD3d 186 [2006]; *People v Robles*, 26 AD3d 177 [2006]; *People v Straniero*, 17 AD3d 161, 162 [2005], *lv denied* 5 NY3d 795 [2005]; *People v Thompson*, 8 AD3d 213, 214 [2004], *lv denied* 3 NY3d 742 [2004]; *People v Moore*, 6 AD3d 173, 174 [2004], *lv denied* 3 NY3d 661 [2004]; *People v Robinson*, 3 AD3d 404 [2004], *lv denied* 2 NY3d 765 [2004]). We note once more that the trial court's interference was improvident and wholly unnecessary.

Defendant is not entitled, pursuant to the amelioration doctrine of *People v Behlog* (74 NY2d 237 [1989]), to the benefit of the reduced penalty contained in the Drug Law Reform Act (L 2004, ch 738), because the Legislature has expressly stated that the provision upon which defendant relies applies only to crimes committed after its effective date (*People v Nelson*, 21 AD3d 861 [2005], *lv granted* 6 NY3d 757 [2005]). In any event, the amelioration doctrine does not apply where, as here, a defendant was sentenced before the new law's effective date (*People v Walker*, 81 NY2d 661, 666-667 [1993]). Concur—Sullivan, J.P., Williams, Gonzalez, Catterson and McGuire, JJ.