■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MARTINEZ, Appellant. [825 NYS2d 200]—

Judgment, Supreme Court, New York County (Arlene R. Silverman, J.), rendered August 25, 2004, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second felony offender, to a term of five years, unanimously affirmed.

Defendant has not preserved an objection to the manner in which his trial was conducted, and we decline to review his claim of error in the interest of justice. Defendant objected only to certain "specific questions rather than to the Judge's general course of action or participation as a whole" (*People v Charleston*, 56 NY2d 886, 888 [1982]). Were we to review these claims, we would find no basis for reversal. It was appropriate for the court to ask some clarifying questions, particularly in view of the victim's limited command of English and his extreme difficulty in comprehending questions and making himself understood, even with the aid of an interpreter. However, we note, as in prior cases where we have admonished this trial justice, that her interference in the trial was unduly extensive

and unnecessary (*see e.g. People v Canto*, 31 AD3d 312 [2006]; *People v Melendez*, 31 AD3d 186 [2006], and cases cited therein). We also note that we cautioned this trial Justice about excessive questioning in at least three decisions that predated the instant trial (*see People v Thompson*, 8 AD3d 213, 214 [2004], *lv denied* 3 NY3d 742 [2004]; *People v Moore*, 6 AD3d 173, 174 [2004], *lv denied* 3 NY3d 661 [2004]; *People v Robinson*, 3 AD3d 404 [2004], *lv denied* 2 NY3d 765 [2004]). Nevertheless, the jury was not "prevented from arriving at an impartial judgment on the merits" (*People v Moulton*, 43 NY2d 944, 946 [1978]).

The court did not act as an advocate for either side, or convey any opinion to the jury. While certain confrontations between the court and counsel were antagonistic, and while counsel's tactics were at times disrespectful and reprehensible, there is nothing in the record that supports the conclusion that the jurors were distracted from performing their function because of the conduct of either the court or counsel.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters outside the record relating to counsel's strategy (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]), including his employment of an unusually colorful style, and the circumstances underlying his unfulfilled statement to the jury that his client would testify. On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Defendant has not demonstrated "the absence of strategic or other legitimate explanations" (*Rivera*, 71 NY2d at 709) for the various actions of trial counsel that he challenges on appeal, that these choices were inconsistent with the performance of a reasonably competent attorney, or that they caused him any prejudice. In particular, while the attorney's performance was unprofessional, "[t]here is no indication that counsel's style of trying the case prevented defendant from receiving a fair trial" (*People v Malave*, 271 AD2d 204 [2000], *lv denied* 95 NY2d 836 [2000]). Concur—Tom, J.P., Andrias, Marlow, McGuire and Malone, JJ.