■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH THORPE, Appellant. [845 NYS2d 1]—

Judgment, Supreme Court, New York County (Arlene R. Silverman, J.), rendered August 1, 2005, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously reversed, on the law, and the matter remanded for a new trial before a different justice.

On August 20, 2004, three police officers on anticrime patrol noticed defendant driving a "broken down" 1987 white Pontiac. After defendant backed the vehicle down the street the wrong way, he parked the vehicle and exited. The car lacked a front license plate, and a computer run revealed that its back license plate was linked to a black Honda. When defendant returned to the vehicle several minutes later, one officer approached and asked for its paper work, which defendant could not produce. Nor could defendant explain certain other suspicious circumstances relating to the vehicle. Defendant was arrested and handcuffed, and, upon being searched, was found to be in possession of 51 glassines of heroin and $196 in cash. Defendant was subsequently charged with criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1] [possession with intent to sell]).

At trial, defendant sought to offer testimony from a witness who was with him at the time of the arrest. In response to a request for an offer of proof, defense counsel proffered that his witness would testify that he was defendant's employer, that he and defendant were in the midst of construction work, that they were using the car to go to a lumber yard to get some sheetrock,

and that defendant is a heroin addict. In further support of allowing the witness to testify, counsel pointed out that the People "are trying to suggest that [the] broken down car . . . had something to do with [defendant's] state of mind."

The court refused to allow the witness to testify on the ground that the testimony was irrelevant. This ruling was error. By precluding the witness's proposed testimony, the court denied defendant an opportunity to refute the charge that he intended to sell the heroin he possessed and "improperly impeded defendant's ability 'to present his own witnesses to establish a defense' " (*People v Gilmore*, 66 NY2d 863, 867 [1985], quoting *People v Carter*, 37 NY2d 234, 240 [1975]). The error in precluding this testimony was compounded, further rendering the trial unfair, when the prosecutor was allowed to argue in summation, over defendant's objection, that "the defendant sells drugs, he deals drugs," and that "he possessed the $196 because that was proceeds from sale and change for future sales." The proffered testimony would have directly refuted this argument. We reject the People's argument that the error in excluding the witness's testimony was harmless under the applicable standard.

We also find reversible error in the trial court's almost continuous interference, during cross examination of the People's witnesses, in defense counsel's exploration of issues relevant to defendant's intent to sell (*see People v Canto*, 31 AD3d 312 [2006], *lv denied* 7 NY3d 900 [2006]; *People v Melendez*, 31 AD3d 186 [2006], *lv denied* 7 NY3d 927 [2006]; *People v Retamozzo*, 25 AD3d 73 [2005]; *People v Garriga*, 189 AD2d 236 [1993], *lv denied* 82 NY2d 718 [1993]). While we recognize that the dynamics of a criminal trial may result in some intervention by the trial judge in the examination of witnesses, the cumulative effect of the court's extraordinarily incessant interference in this case was to obstruct counsel's effort to present a defense for his client. This is simply unacceptable.

We have examined defendant's remaining contentions and find them to be without merit. Concur—Andrias, J.P., Friedman, Sweeny, McGuire and Kavanagh, JJ.