■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN ROYSTER, Appellant. [842 NYS2d 12]—

Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered March 24, 1998, convicting defendant, after a jury trial, of murder in the first degree, murder in the second degree (two counts), attempted murder in the second degree (two counts), robbery in the first degree (three counts), assault in the first degree and attempted rape in the first degree, and sentencing him to an aggregate term of life without parole, unanimously affirmed.

Defendant was convicted of brutally attacking and robbing three women in the course of a single week in 1996, causing the death of one of them. Defendant challenges the testimony of various relatives of the three victims as having no purpose except to induce sympathy and prejudice. As a general rule, the People are not limited in the quantum of relevant evidence that they wish to introduce (*People v Alvino*, 71 NY2d 233, 241, 245 [1987]). Certain testimony by family members of the victims as to events subsequent to the crimes, including the victims' permanent physical and cognitive injuries, was properly admitted as relevant to trial issues and elements of the crimes charged (*see People v LaValle*, 3 NY3d 88, 112-114 [2004]). However, "[T]estimony about victims' personal backgrounds that is immaterial to any issue at trial should be excluded." (*People v Harris*, 98 NY2d 452, 490-491 [2002].) Evidence serving no purpose except to establish the victims' good character, and the impact of defendant's crimes on their relatives, should have been excluded as irrelevant. Nevertheless, we find any evidentiary errors to be harmless in view of the overwhelming evidence of guilt. Defendant's sole defense was extreme emotional disturbance (Penal Law § 125.27 [2] [a]; § 125.25 [1] [a]), a defense which did not even have a bearing on many of the crimes of which he was convicted, including felony murder. The evidence not only failed to satisfy defendant's burden of establishing this affirmative defense, but overwhelmingly refuted it.

The court's brief questioning of two detectives about police tactics in obtaining confessions was permissible (*see People v*

*Moulton*, 43 NY2d 944, 946 [1978]). Defendant's additional claim that the court made an inappropriate remark during testimony concerning a newspaper article is unpreserved because defendant requested no further relief after the court took curative action, and his overall claim that the court's conduct was biased and deprived him of a fair trial is unpreserved because he only objected to a few specific matters. We decline to review these unpreserved claims in the interest of justice. Were we to review these claims, we would find no basis for reversal (*see e.g. People v Martinez*, 35 AD3d 156 [2006], *lv denied* 8 NY3d 924 [2007]).

The court properly exercised its discretion in receiving evidence of defendant's attack on a woman in Westchester County, which was very similar to the charged crimes and occurred during the same week. This evidence was part of a pattern of deliberate conduct that was probative of defendant's intent, and inconsistent with his extreme emotional disturbance defense (*see generally People v Alvino*, 71 NY2d 233 [1987], *supra*). Although the court received an excessive amount of evidence relating to the Westchester crime and the injuries suffered by its victim, we find any error to be harmless, for the reasons set forth above in our discussion of the victims' relatives' testimony.

Defendant's arguments concerning joinder and severance of the counts of the indictment are without merit (*see* CPL 200.20 [2] [b], [c]; [3]).

Defendant was not prejudiced by the court's order, made pursuant to the news media Shield Law (Civil Rights Law § 79-h), which quashed a subpoena. Defendant was seeking to establish that one or more detectives expressed to a newspaper reporter their opinions as to defendant's mental condition. Such lay opinions were irrelevant, and, in any event, cumulative to other evidence including the testimony of defendant's psychiatric expert. Moreover, defendant was able to place before the jury the fact that some detective may have described defendant as a "madman." Accordingly, we find no basis for reversal, and find it unnecessary to decide any other issues relating to the operation of the Shield Law. Concur—Tom, J.P., Saxe, Friedman, Gonzalez and McGuire, JJ.