■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO CALDERON, Appellant. [864 NYS2d 419]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered December 21, 2006, convicting defendant, after a jury trial, of conspiracy in the second degree, criminal possession of a controlled substance in the first degree and criminal sale of a controlled substance in the first degree, and sentencing him to concurrent terms of 6 to 18 years, nine years and nine years, respectively, unanimously affirmed.

Defendant did not preserve his challenges to the legal sufficiency of the evidence and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. We further find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility, including its rejection of defendant's testimony that a certain transaction involved real estate rather than drugs. Intercepted telephone conversations, surveillance, and the large amount of cash seized from him after one transaction demonstrated defendant's participation in a conspiracy with the other narcotics traffickers (*see generally People v Rodriguez*, 180 AD2d 446 [1992], *lv denied* 79 NY2d 1006 [1992]). Similarly, even though the drugs were not recovered, there was ample proof of the weight and content of the drugs that defendant possessed and sold, based on the wiretapped telephone conversations containing coded references to the heroin deal being arranged and the amount of money to be paid, the amount of money seized from defendant, and the testimony of an experienced narcotics investigator as to the usual price of one-half kilogram of heroin.

The court properly denied defendant's speedy trial motion. The court correctly excluded the period during which defense motions were under consideration by the court (*see* CPL 30.30 [4] [a]). The People's delay in responding to defendant's omnibus motion was reasonable in light of the motion's complexity. Defendant's claim of unreasonable delay in providing grand jury minutes is both unpreserved and unsupported by the record. The court also properly excluded a period during which a necessary witness was unavailable due to a serious illness. The court conducted an evidentiary hearing on this branch of the motion, and the investigator's testimony was more than enough to establish that he had been unavailable during the period in question (*see People v Goodman*, 41 NY2d 888 [1977]; *People v Martinez*, 268 AD2d 354 [2000], *lv denied* 94 NY2d 922 [2000]), without the need for any documentary proof. Similarly, we find the court's evidentiary rulings at the speedy trial hearing to be proper exercises of discretion.

Defendant's challenge to the sufficiency of the evidence before the grand jury is not reviewable on appeal (*see* CPL 210.30 [6]), and his other claim regarding the grand jury presentation is meritless.

The court properly denied defendant's suppression motion. The hearing evidence clearly established probable cause.

Defendant received effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Defendant has not established that he was prejudiced in any way by his counsel's demeanor and style of trying the case, or by the court's reactions to that conduct (*see e.g. People v Martinez*, 35 AD3d 156, 157 [2006], *lv denied* 8 NY3d 924 [2007]). There is no merit to defendant's suggestion that, at a proceeding that occurred long before trial, the court deprived him of the opportunity to retain different counsel if he chose to do so.

Defendant's related claim that he was deprived of a fair trial by the court's admonitions to defense counsel and its overall conduct of the trial is unpreserved (*see People v Royster*, 43 AD3d 758, 760 [2007], *lv denied* 9 NY3d 1009 [2007]; *People v Jenkins*, 25 AD3d 444, 445 [2006], *lv denied* 6 NY3d 834 [2006]), and we decline to review it in the interest of justice. None of the conduct of which defendant complains was unduly prejudicial, and the court repeatedly instructed the jury not to allow its admonitions to prejudice them against defendant, instructions that the jury is presumed to have followed (*see People v Davis*, 58 NY2d 1102, 1104 [1983]). Concur—Lippman, P.J., Gonzalez, Sweeny, Catterson and DeGrasse, JJ.