■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KERRY SIMON, Appellant. [866 NYS2d 107]—

Judgment, Supreme Court, New York County (Robert H. Straus, J., at hearing; Arlene R. Silverman, J., at jury trial and sentence), rendered May 30, 2007, convicting defendant of criminal sale of a controlled substance in or near school grounds, and sentencing him to a term of six years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility and identification. The officer had an ample opportunity to observe the sale, transmitted a detailed and accurate description, and made a reliable identification.

The court's response to a jury question regarding defendant's liability for the acts of others was meaningful and appropriately conveyed the applicable legal principles (*see People v Almodovar*, 62 NY2d 126, 131 [1984]). The supplemental instruction sufficiently addressed the precise concern raised by defense counsel during the court's colloquy with counsel regarding the jury's note.

The hearing court properly denied defendant's motion to suppress identification and physical evidence. The observing officer's radioed report containing a detailed description of defendant as a person who had just engaged in a drug transaction provided probable cause for defendant's arrest, and the police recovered money from defendant as incident to the lawful arrest. Defendant's remaining suppression claims, along with his arguments concerning an allegedly repugnant verdict and the court's conduct of the trial, are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.

Nevertheless, we note our disapproval of this trial Justice's continued penchant for improperly interjecting herself into the proceedings despite our prior expressions of concern (*see e.g. People v Canto*, 31 AD3d 312, 313 [2006], *lv denied* 7 NY3d 900 [2006], and cases cited therein). In this case, the trial Justice inappropriately interrupted the flow of defense counsel's cross-examination by asking questions in the nature of redirect, and of his summation by making counterarguments. However, this conduct did not rise to the level of affecting the outcome or

depriving defendant of a fair trial. Concur—Lippman, P.J., Andrias, Buckley, Sweeny and Renwick, JJ.