■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID CHAVIS, Appellant. [873 NYS2d 566]—

Judgment, Supreme Court, New York County (Arlene R. Silverman, J.), rendered July 27, 2005, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes,* 97 NY2d 203 [2002]; *People v Walker,* 83 NY2d 455, 458-459 [1994]; *People v Pavao,* 59 NY2d 282, 292 [1983]). The convictions at issue were probative of defendant's willingness to place his interests above those of society, and were not unduly prejudicial.

Defendant failed to preserve his argument that he was denied a fair trial because of the trial court's interference during the prosecutor's direct examination and defense counsel's cross-examination of the People's witnesses and defense counsel's summation (*see e.g. People v Charleston,* 56 NY2d 886, 888 [1982]), and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal. While both before and after defendant's trial we have expressed our disapproval of this trial justice's continued practice of improperly interjecting herself into the proceedings (*see e.g. People v Canto,* 31 AD3d 312 [2006], *lv denied* 7 NY3d 900 [2006] [and cases cited therein]), the court's conduct in this case did not deprive defendant of a fair trial (*see People v Moulton,* 43 NY2d 944 [1978]). Concur—Friedman, J.P., Gonzalez, Buckley and Renwick, JJ.