■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY J. BORCYK, Appellant. [876 NYS2d 287]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered July 6, 2005. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of murder in the second degree (Penal Law § 125.25 [1]), defendant contends that the verdict is against the weight of the evidence. We reject that contention. Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). According to the testimony of prosecution witnesses, the victim died by manual strangulation and scratched her neck in an effort to remove someone else's hands from her neck. In addition, the DNA of defendant, who repeatedly denied having met the victim, was found beneath the fingernails of the victim's right hand and in semen collected from the victim's vagina. The jury was entitled to credit that testimony and to discredit the testimony of a witness who offered conflicting accounts of whether he saw persons other than defendant remove the body of the victim from her home (*see generally id.*).

On the record before us, we also reject the contention of defendant that he was denied effective assistance of counsel. Defendant has not shown that a suppression motion, if made, would have been successful and thus has failed to establish that defense counsel was ineffective in failing to make such a motion (*see People v Rivera*, 45 AD3d 1487, 1488 [2007], *lv denied* 9 NY3d 1038 [2008]). Moreover, defense counsel had a discernible strategy in acknowledging that defendant's DNA was collected from the victim (*see People v Rivera*, 71 NY2d 705, 708-709 [1988]; *People v Gaffney*, 30 AD3d 1096, 1097 [2006], *lv denied* 7 NY3d 789 [2006]), and was not ineffective for failing to object when the prosecutor elicited testimony with respect to what defendant inaccurately describes as his invocation of the right to counsel. The remaining instance of alleged ineffective assistance of counsel, i.e., that defense counsel was ineffective in failing to present evidence that the police examined the vehicle driven by defendant at the time of the victim's death and found no evidence that the victim had been in that vehicle, involves matters outside the record on appeal and thus is properly raised by way of a motion pursuant to CPL article 440 (*see People v Barnes*, 56 AD3d 1171 [2008]; *People v Jenkins*, 25 AD3d 444, 445-446 [2006], *lv denied* 6 NY3d 834 [2006]).

Finally, defendant failed to preserve for our review his contentions that the People improperly elicited testimony concerning his purported invocation of the right to counsel and that County Court's *Sandoval* ruling constitutes an abuse of discretion (*see* CPL 470.05 [2]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Scudder, P.J., Smith, Centra, Fahey and Pine, JJ.