(March 8, 2012)

■ The People of the State of New York, Respondent, v Julio Panchon, Appellant. [939 NYS2d 450]—

Judgment, Supreme Court, New York County (Arlene R. Silverman, J.), rendered March 14, 2006, as amended April 10, 2006, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to a term of six years, unanimously affirmed.

The court properly exercised its discretion when it precluded cross-examination that was cumulative, speculative or of questionable relevance. Defendant was not deprived of his right to present a defense and to confront the witnesses against him (*see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]). On the contrary, defendant was permitted to conduct extensive and effective cross-examination, and he was not prejudiced by the limitations imposed by the court. Defendant did not preserve his other claims regarding the court's conduct of the trial, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (*see People v Arnold*, 98 NY2d 63, 67 [2002]). We nevertheless admonish the trial justice, as we have many times in the past, for her continued penchant for improperly injecting herself into proceedings despite our prior disapproval of the practice (*see e.g. People v Chavis*, 59 AD3d 240 [2009], *lv denied* 12 NY3d 913 [2009]; *People v Simon*, 55 AD3d 378 [2008]; *People v Canto*, 31 AD3d 312 [2006], *lv denied* 7 NY3d 900 [2006]).

The court also properly exercised its discretion when it permitted the People to establish that the police recovered from defendant $207, including 47 single dollar bills (*see e.g. People v Valentine*, 7 AD3d 275 [2004], *lv denied* 3 NY3d 682 [2004]). In this observation sale case, this evidence was relevant to corroborate police testimony about how the sales were transacted, and the amount of money was not unduly prejudicial. Furthermore, evidence that defendant had the means of making change was not evidence of general propensity to sell drugs, but evidence that at the time and place in question, defendant had equipped himself with the means of committing the charged crimes (*see People v Del Vermo*, 192 NY 470, 481-482 [1908]). Defendant's related claims concerning the People's summation and the absence of a limiting instruction are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.

The court properly exercised its discretion when it granted the prosecutor's challenge for cause to a prospective juror. The panelist's response to the prosecutor's question indicated that she was biased against the police and could not be impartial in this case turning on police credibility (*see People v Smith*, 5 AD3d 291 [2004], *lv denied* 3 NY3d 648 [2004]). "It is almost always wise . . . to err on the side of disqualification" because "the worst the court will have done in most cases is to have replaced one impartial juror with another impartial juror" (*People v Culhane*, 33 NY2d 90, 108 n 3 [1973]). Accordingly, a court's decision to grant a challenge for cause is entitled to considerable deference.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]; *People v Pavao*, 59 NY2d 282, 292 [1983]). The court properly permitted elicitation of matters that were highly relevant to defendant's credibility and were not unduly prejudicial. Concur—Saxe, J.P., Sweeny, Renwick, DeGrasse and Richter, JJ.