People v Rivera (2018 NY Slip Op 00260)





People v Rivera


2018 NY Slip Op 00260


Decided on January 16, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2018

Friedman, J.P., Mazzarelli, Kapnick, Webber, Moulton, JJ.


5460 5361/12

[*1]The People of the State of New York, Respondent,
v
William Rivera, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Siobhan C. Atkins of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Megan DeMarco of counsel), for respondent.



Judgment, Supreme Court, New York County, (Thomas Farber, J.), rendered July 16, 2013, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of 2½ years, unanimously affirmed.
The court providently exercised its discretion in allowing the prosecution to present evidence of the amount of cash recovered from defendant after the alleged drug sale (see People v Panchon, 93 AD3d 446 [1st Dept 2012], lv denied 19 NY3d 866 [2012]). The amount recovered, $170, "was not unduly prejudicial" (id. at 447). Furthermore, in this observation sale case, the People were entitled to show that defendant possessed at least an amount of money consistent with the likely proceeds of the charged sale of two bags of heroin. Therefore, informing the jury that he possessed $170 was not significantly more prejudicial than leaving the total amount unspecified. In any event, any error in admitting evidence of the amount of money defendant was carrying at the time of his arrest was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
The prosecutor's summation did not deprive defendant of a fair trial. In those instances where the court sustained objections, its curative actions were sufficient to prevent any prejudice. Defendant's remaining challenges to the summation are unpreserved (see People v Romero, 7 NY3d 911, 912 [2006]), and we decline to review them in the interest of justice. As an alternative holding, we find that the remarks at issue generally constituted fair comment on the evidence and appropriate responses to the defense summation, and that there was nothing so egregious as to warrant reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1992]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
The court providently exercised its discretion in denying defense counsel's request, made at sentencing, for an adjournment to allow the defense to further investigate alleged premature deliberation by the jury (see generally Matter of Anthony M., 63 NY2d 270, 283 [1984]). The court acted appropriately under all the circumstances. An employee of defense counsel allegedly overheard a conversation among jurors suggesting premature deliberation during the trial, at a time when the court could have addressed it had the issue been raised. Instead, he only reported this to defense counsel after the verdict. Furthermore, there was a delay of several months between the verdict and the request for an adjournment on the day of sentencing, there was no motion to set aside the verdict, and there was only a fragmentary investigation by the defense that had yielded no evidence of juror misconduct. Further, there was no prejudice, because even if the denial of the adjournment prevented defendant from making a CPL 330.30(2) motion to set aside the verdict, it does not prevent him from making a CPL 440.10(1)(f) motion in the event he uncovers evidence outside the record demonstrating juror misconduct.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 16, 2018
CLERK