People v Hurley (2018 NY Slip Op 03892)





People v Hurley


2018 NY Slip Op 03892


Decided on May 31, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 31, 2018

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Kapnick, Kahn, JJ.


6669 201/14

[*1]The People of the State of New York, Respondent,
v
Kevin Hurley, Defendant-Appellant.


Boies, Schiller & Flexner, LLP, New York (Nicholas A. Gravante, Jr. of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Lee M. Pollack of counsel), respondent.



Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered June 17, 2016, convicting defendant, after a jury trial, of grand larceny in the second degree, and sentencing him to a term of 2½ to 7½ years and a fine of $400,000, unanimously affirmed. The matter is remitted to Supreme Court for further proceedings pursuant to CPL 460.50(5).
Venue in New York County was proper, because the reliance element of grand larceny by false pretenses was established by evidence that a government agency located in Manhattan ultimately relied on defendant's false statement when it finally granted him benefits (see CPL 20.40[1][a]), notwithstanding that there had been preliminary reliance by another branch of that agency located elsewhere, and notwithstanding that the element of reliance necessarily involved conduct by a nonparticipant in the crime, resulting from defendant's conduct. Moreover, defendant's submission of a follow-up form containing false statements years after filing his initial application for benefits, which may be deemed to have been made in Manhattan, where a government agency received the form (see CPL 20.60[1]), established his ongoing intent to obtain the benefits by false pretenses, which is also an element. We have considered and rejected defendant's remaining arguments on the venue issue.
The court properly charged the jury on larceny by false pretenses. The standard charge contained in the Criminal Jury Instructions, including its reference to the element of reliance, was sufficient, in the context of the type of benefit at issue, to convey the requirement that defendant obtained a public benefit to which he was not entitled, and the court was not obligated to include additional language requested by defendant. In any event, any error was harmless in light of the overwhelming evidence that defendant was not entitled to the benefit at issue, and that he only received it because of his false statements (see People v Crimmins, 36 NY2d 230, 242 [1975]).
Defendant's contention that the People and/or the court constructively amended the indictment is unpreserved (see People v Whitecloud, 110 AD3d 626 [1st Dept 2013], lv denied 22 NY3d 1142 [2014]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits (see People v Treuber, 64 NY2d 817 [1985]).
The court provided meaningful responses to two notes from the deliberating jury on the subject of fraudulent intent. The responses accurately stated the law, did not suggest that the court believed defendant to be guilty, and were not otherwise unduly prejudicial. Moreover, we find that any error in the court's responses to the notes was harmless (see Crimmins, supra). To the extent defendant is challenging the court's response to a third note, containing a hypothetical reference to signing a blank form, that claim is unpreserved and without merit.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 31, 2018
CLERK